IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL DOMINGUEZ AVILES, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-585-KC |
| WARDEN OF ERO CAMP EAST MONTANA DETENTION FACILITY et al., | § § § § § | |
| Respondents. | § § | |

**ORDER**

On this day, the Court considered Victor Manuel Dominguez Aviles' Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.  Dominguez Aviles is held in immigration detention at the El Paso Camp East Montana Detention Facility in El Paso, Texas.  *Id.* ¶ 2.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* at 11–14.

Dominguez Aviles has been in the country for approximately seventeen years and was apprehended and detained by immigration authorities for the first time last month.  *Id.* ¶ 1.  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Dominguez-Aviles'] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Dominguez Aviles' case warrant a different outcome."  *Id.* at 1–2.

Respondents declined the invitation.  *See generally* Resp., ECF No. 3.  In the Response, they do not reference *Martinez*, much less explain why the Court's reasoning there does not

compel the same result here. *See generally id.* Other than a single citation as contrary authority, Respondents do not discuss, or even mention, any of this Court's many recent immigration habeas decisions. *See id.* at 3 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here. *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").

Instead, Respondents offer boilerplate. Throughout its many decisions on this topic, the Court has rejected every legal argument raised in the Response. *Compare* Resp. 1–21, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13. It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] Dominguez Aviles' Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] The relevant facts are undisputed, *see* Resp. 2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As of the date of this Order, many of the Court's similar recent decisions have not been published on Westlaw and appear to be available only through PACER. *See, e.g.*, Order, *Vargas Palacios v. Lyons*, No. 3:25-cv-552-KC (W.D. Tex. Dec. 3, 2025), ECF No. 9 (granting in part immigration habeas petition on procedural due process grounds).

The Court **ORDERS** that, <u>on or before December 11, 2025</u>, Respondents shall either: (1) provide Dominguez Aviles with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Dominguez Aviles' continued detention; or (2) release Dominguez Aviles from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before December 11, 2025</u>, Respondents shall **FILE** notice informing the Court whether Dominguez Aviles has been released from custody. If Dominguez Aviles has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>There will be no extensions of the December 11, 2025, deadlines.</u>

**SO ORDERED**.

**SIGNED** this 4th day of December, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE